USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LUZ MARIE ANGLADA, f/k/a ,
LUZ M. MORINGLANE, VIDALINA CLAUDIO,
GENNARO MORINGLANE JR., and
LUIS ANTONIO MORINGLANE,

                Plaintiffs,

    -against-

GENEROSA ROMAN, WENDY RODRIGUEZ,
EZEQUIEL RODRIGUEZ, and
ARGENT MORTGAGE COMPANY, LLC,

                Defendants.
-------------------------------------------------------------x

06 Civ. 10173 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

    This diversity action was removed to the U.S. District Court for the Southern District of New York from New York Supreme Court, Bronx County, on October 20, 2006 by one of the four defendants, Argent Mortgage Company, LLC. In light of the requirement that all defendants consent to removal, this Court directed Argent Mortgage to show cause why this action should not be remanded to New York state court. See Order dated Nov. 2, 2006. At oral argument on December 8, 2006, counsel for the remaining defendants – Generosa Roman, Wendy Rodriguez, and Ezequiel Rodriguez – orally consented to removal for the first time. Because this Court will not create a new exception to the general rule that all defendants must join in seeking removal when the notice of removal is filed, the Court will remand this action to New York Supreme Court, Bronx County.

    On September 21, 2006, plaintiffs Luz Marie Anglada, Vidalina Claudio, and Gennaro and Luis Moringlane commenced this action against Generosa Roman, Wendy

Rodriguez, Ezequiel Rodriguez and Argent Mortgage by filing a summons and complaint in New York Supreme Court. Argent Mortgage was served with that process on September 28, 2006 (Aff. of Michael J. Frevola dated Nov. 15, 2006 at ¶ 3), and the co-defendants were served sometime between that date and October 4, 2006.[1] On October 20, 2006 – more than two weeks after all defendants had been served and within the thirty day window after the receipt of the complaint permitted by statute (see 28 U.S.C. § 1446(b)) – Argent Mortgage filed a Notice of Removal pursuant to 28 U.S.C. § 1446, asserting federal jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

Although the statute governing removal does not require on its face that all defendants consent to removal, as early as 1960 Judge Henry Friendly, writing for a panel of the U.S. Court of Appeals for the Second Circuit, remarked on "the long line of decisions that where removal is sought . . . all the defendants must join in seeking removal." Bradford v. Harding, 284 F.2d 307, 309 (2d Cir. 1960). The exceptions to this rule are solely where (i) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are nominal parties; or (iii) the removed claim is a separate and independent cause of action as defined by 28 U.S.C. § 1441(c). Varela v. Flintlock Construction, Inc., 148 F. Supp. 2d 297, 300 (S.D.N.Y. 2001) (citing Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999)).

---

[1] At the oral argument of this motion on December 8, plaintiffs stated that all defendants were served in late September, but Argent Mortgage contended that although it was served on September 28, its co-defendants were only served on October 3 and 4. That difference in dates is irrelevant to the Court's analysis.

In response to the Order to Show Cause, Argent Mortgage wrote that by the time Argent Mortgage filed its Notice of Removal on October 20, 2006, it had not been served with any pleading or notice of appearance from any of its co-defendants. (Frevola Aff., at ¶ 4.) Indeed, Argent Mortgage had checked the docket in the Supreme Court, Bronx County, and that docket contained no return of service indicating that its co-defendants had been served with process. (Id., at ¶ 5.) We now know that its co-defendants had in fact been served two weeks or more prior to the date on which Argent Mortgage filed its Notice of Removal. Therefore, Argent Mortgage contends that removal without the consent of all defendants who had been served by the time of the Notice of Removal should be permitted so long as the removing defendant had no actual or constructive knowledge that its co-defendants had in fact already been served. Although there is no authority directly on point in this Circuit, the Second Circuit case law suggests that such a lenient theory of removal would not find favor here. See Bradford, 284 F.2d at 309; see also, Varela, 148 F. Supp. 2d at 300; Ell, 34 F. Supp. 2d at 194.

Two cases from outside this Circuit are procedurally similar to the present action. In Powell v. West Chemical Products, 678 F.Supp. 553 (E.D. Pa. 1988), the District Court remanded – even though all defendants eventually joined the petition for removal – where the original moving defendant did not have the consent of its co-defendants at the time of its petition and later blamed this deficiency on the fact that the state court docket did not give notice that the co-defendants had in fact been served. Id. at 554-55. "As its name implies, the non-service exception is clearly limited to cases in which the non-joining defendants had not been served in the state proceeding at the time the petition for removal was filed." Id. at 554. Similarly, in Pianovski v. Laurel Motors, 924 F. Supp. 86

(N.D. Ill. 1996), the District Court held that the moving defendant could not merely rely on a telephone call to the state court clerk or even a review of the state court docket, but instead "should have taken further action to determine whether [the co-defendant] had been served, such as attempting to contact [the co-defendant]." Id. at 87. Cf. Laurie v. Nat'l R.R. Passenger Corp., No. Civ A 01-6145, 2001 WL 34377958, at *1 (E.D. Pa. Mar. 13, 2001) and Milstead Supply Co. v. Casualty Ins. Co., 797 F.Supp. 569, 573-74 (W.D. Tex. 1992).

In this Circuit, the district courts have uniformly determined that all defendants must join in the removal petition unless "the non-joining defendants have not been served with service of process at the time the removal petition is filed" or unless one of two other exceptions – not relevant here – applies. Varela, 148 F. Supp. 2d at 300; Ell, 34 F. Supp. 2d at 194. This Court will not expand the scope of the exceptions to allow for removal without the consent of all defendants who have been properly served by the time the removal petition is filed so long as the moving defendant had no knowledge that its co-defendants had in fact been served. Such a legal rule would create a perverse incentive for a defendant's counsel to avoid communicating with plaintiff's counsel in order to avoid actual knowledge of whether co-defendants have been served and thus allow the moving defendant successfully to remove an action to federal court even if its co-defendants do not consent to removal. Here, counsel for Argent Mortgage appropriately conceded during oral argument that prior to filing its petition for removal, it had never contacted counsel for the plaintiffs to inquire whether the co-defendants had in fact been served.

Because Argent Mortgage did not have the consent of its duly-served co-defendants at the time of the Notice of Removal, and because it cannot avail itself of any of the exceptions to the general rule that all defendants must join in seeking removal, this action is hereby remanded to New York Supreme Court, Bronx County.

Dated: New York, New York
       December 12, 2006

SO ORDERED:

Sidney H. Stein, U.S.D.J.